# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROY LEE ANDERSON, JR.,**

    **Plaintiff,**

    v.                                                 **Civil Action 2:19-cv-4001**
                                                          **Judge George C. Smith**
                                                          **Magistrate Judge Jolson**

**JUDGE TED BARROWS, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Roy Lee Anderson, Jr., who is proceeding *pro se,* is currently incarcerated at Franklin County Correctional Center, and brings this civil rights action under 42 U.S.C. § 1983, against Defendants Judge Ted Barrows, Franklin County Court of Common Pleas, Franklin County, Ohio, Franklin County Sheriff's Department, Franklin County Correction Center, Sheriff Dallas Baldwin, and Sgt. Lewis Schrader. (Doc. 8). This matter is before the Undersigned for consideration of Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's complaint, (Doc. 8), under 28 U.S.C. § 1915(A);(e)(2).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 1), Plaintiff's Motion is **GRANTED**. Plaintiff is required to

pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Franklin County Correction Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. INITIAL SCREEN

### A. Relevant Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Plaintiff's Complaint

This is Plaintiff's second complaint against Defendants. (*See* 2:19-cv-3631, Doc. 1). With regard to his first complaint, the Undersigned recommended granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* but recommended dismissing the complaint in its entirety on the grounds of immunity and failure to state a claim for relief. (*Id.*, Doc. 6). Despite Plaintiff's

objections, Judge Smith adopted the Undersigned's Report and Recommendation and dismissed Plaintiff's case without prejudice. (*Id.*, Doc. 8).

Upon review of Plaintiff's second complaint, (Doc. 1-1), the Undersigned found that it was substantially similar if not identical in substance to his first complaint. Both stemmed from an unfavorable decision issued by Judge Ted Barrows, of Franklin County Municipal Court. (*See generally* 2:19-cv-3631, Doc. 1; 2:19-cv-4001, Doc. 6). After Plaintiff was arrested for violating a protective order, Judge Barrows sentenced Plaintiff to 148 days at Franklin County Correctional Center with restricted privileges. (*Id.*)[1]. Specifically, Judge Barrows purportedly ordered that Plaintiff be housed in administrative segregation and placed on phone restriction. (*Id.*). Given these similarities, the Undersigned directed Plaintiff to articulate a meaningful difference between his two complaints. (*Id.* at 2).

On October 25, 2019 Plaintiff filed a revised complaint as well as a notice explaining the differences between his two complaints. (Doc. 9). But the only meaningful distinction the Undersigned can ascertain is that, according to Plaintiff, the first set of civil protection violations against him have been dismissed since he filed his first complaint. (*Id.* at 2–3). Accordingly, Plaintiff contends that Defendants are violating his constitutional rights by continuing to house him in administrative segregation. He states:

> As Plaintiff was placed in Administrative Segregation solely for allegedly violating the terms of his Civil Protection Order and all charges being dismissed Plaintiff still remains in Administrative Segregation per Judge Ted Barrows Request and Authorization of Deputy Sheriff Chief John Doe.

(Doc. 8 at 2).

---

[1] According to his most recent filing, Plaintiff was scheduled to be released last month. (Doc. 9 at 3). But according to the Franklin County Sheriff Inmate Database, Plaintiff has not been released.

Plaintiff's second complaint fails for the same reasons as his first. And the fact that his protective order violations have purportedly been dismissed does not change this outcome.

To start, and as stated in the Undersigned's Report and Recommendation, Judge Barrows is entitled to judicial immunity and cannot be held liable for actions taken in his judicial capacity. *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). Plaintiff's contention that Judge Barrows does not have jurisdiction over him is without merit. (*See* Docs. 8, 9). Defendants Sheriff Baldwin and Sgt. Schrader, who Plaintiff accuses of enforcing Judge Barrows' order are also immune from suit. *See Wilson v. Karnes*, No. 2:06-CV-392, 2009 WL 467566, at *6 (S.D. Ohio Feb. 24, 2009) (rejecting plaintiff's claim for false imprisonment because, after plaintiff's prison sentence, sheriff "had a duty to jail him pursuant to that court order") (citing *Mays v. Sudderth*, 95 F.3d 107, 113 (5th Cir. 1996) (holding that "an official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction")). Plaintiff's claim that there is no longer a basis for being housed in administrative segregation does not strip these Defendants of their immunity.

Moreover, the factual allegations regarding administrative housing, phone privileges, and access to a grievance system are the same in both complaints. Therefore, the Undersigned's conclusion that these allegations fail to state a cognizable liberty interest remains unchanged. (*See* 2:19-cv-3631, Doc. 6 (finding that Plaintiff's claims regarding phone restriction and administrative segregation did not violate his Eighth and Fourteenth Amendment rights)). Accordingly, Plaintiff has failed to identify any meaningful difference between his recent complaint and his now-dismissed first complaint.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED** (Doc. 1); however, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint, (Doc. 8), in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: November 5, 2019         /s/ Kimberly A. Jolson
                               KIMBERLY A. JOLSON
                               UNITED STATES MAGISTRATE JUDGE